UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| BSA ARCHITECTS D/B/A BULL STOCKWELL ALLEN<br><br>Plaintiff,<br><br>v.<br><br>HERMITAGE INN REAL ESTATE HOLDING CO., LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:16-cv-198-cr<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff BSA Architects d/b/a as Bull Stockwell Allen ("BSA"), by and through its attorneys, Downs Raclin Martin PLLC, hereby move pursuant to Rule 56 of the Vermont Rules of Civil Procedure for summary judgment against Defendant Hermitage Inn Real Estate Holding Co., LLC ("Hermitage").  In further support of its Motion, BSA submits the following Memorandum of Law and accompanying Statement of Undisputed Material Facts ("SUMF").

## MEMORANDUM OF LAW

I.   FACTUAL BACKGROUND

BSA is an architecture, planning, and interior design company incorporated in the state of California with its principal place of business in San Francisco, California.  SUMF ¶ 1.  Defendant is a foreign limited liability company.  Id. ¶ 2.  Defendant entered into a contract for services with BSA ("Contract") on March 18, 2015 to provide architectural services for the design of a hotel.  Id. ¶ 3.  BSA completed the work and submitted a final bill for services under the Contract and that bill became payable on April 10, 2016.  Id. ¶ 5.  Hermitage retained the

architectural plans and designs prepared by BSA for a hotel that the Hermitage plans to build. Id. ¶ 13.

$338,717.81 of BSA's bill for services remains unpaid. Id. ¶ 6. Under the contract an interest at a rate of 1½ percent is due after 30 days of any unpaid invoice. Id. ¶ 7. $47,819.41 contractual interest remains unpaid as of December 9, 2016. Id. ¶ 8. Defendant did not dispute that it owed a total of $362,677.86 to BSA for services as of August 23, 2016. Id. ¶ 10. BSA is entitled to attorneys' fees under both the contract and the Vermont Prompt Pay Act. Id. ¶ 7.

II.  STANDARD OF REVIEW

To prevail on a motion for summary judgment, the moving party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by…citing to particular parts of materials in the record…or…showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Id. at 56(c)(1); RLI Ins. Co. v. Klonsky, 771 F. Supp. 2d 314, 321 (D. Vt. 2011).

"By its terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." U.S. v. Sullivan, 2013 U.S. Dist. LEXIS 26858 (D. Vt. Feb. 27, 2013) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). An issue of fact is material if "it might affect the outcome of the suit under the governing law. An issue of fact is genuine if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." Konikoff v. Prudential Ins. Co. of America, 234 F.3d 92, 97 (2d Cir. 2000).

"Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (internal quotations omitted). Moreover, the central purpose of summary judgment is "to avoid a useless trial" by isolating and disposing of factually unsupported claims or defenses, and the Rule should be interpreted in a way that allows it to accomplish this purpose. See id. 323-24.

III. ARGUMENT

    A. BSA Is Entitled To Summary Judgment On All Three Counts Of Its Complaint Since There Is No Disputed Issue Of Material Fact For Trial.

        i. *There are no disputed issues of material fact for BSA's breach of contract and violation of the Prompt Payment Act claims.*

In defining the elements of a breach of contract claim, the Vermont Supreme Court has stated, "[i]n the obligation assumed by a party to a contract is found his duty, and his failure to comply with the duty constitutes a breach." Ben & Jerry Homemade, Inc. v. Coronet Priscilla Ice Cream Corp., 921 F. Supp. 1206, 1212 (D. Vt. 1996) (quoting Lapoint v. Dumont Const. Co., 128 Vt. 8, 10 (1969)). To prove breach of contract, a plaintiff must also show damages. Two types of damages are recoverable: "direct damages that naturally and usually flow from the breach itself, and special or consequential damages, which must pass the tests of causation,

certainty and foreseeability." Smith v. Country Vill. Int'l, Inc., 2007 VT 132, ¶ 9, 183 Vt. 535, 537 (2007).

The plain language of the contract is clear. BSA agreed to prepare architectural plans and designs for Hermitage in exchange for payment for such services. Hermitage had a contractual duty to pay BSA in exchange for its services. BSA transmitted various plans and designs in accordance with the agreement throughout 2015. SUMF ¶ 13. Since April 10, 2016, Hermitage owes BSA a principal unpaid balance of $338,717.81. Id. ¶ 5, 6. Hermitage's failure to pay the balance owed within 30 days of the final invoice is in direct breach of its contractual duty.

Further, Vermont law provides penalties and attorneys' fees when an owner fails to pay a contractor in accordance with the contract payment terms. 9 V.S.A. § 4001-4009, ("Prompt Payment Act"). Hermitage's failure to pay BSA within 30 days of the final invoice is in breach of the Prompt Payment Act. Hermitage's breach has caused BSA to suffer direct damages in the amount of the unpaid invoice, contractual interest, costs and attorney's fees for prosecuting this action.

Defendant has presented no evidence to support that any payment has been made since the final invoice became due on April 10, 2106. Nor has Defendant presented any evidence to support its affirmative defenses of set-off or estoppel. Defendant is statutorily prohibited from claiming that there were any errors in the final invoice because Hermitage did not contact BSA in writing within ten working days of receiving the invoice noting any objections. 9 V.S.A. §

4004.[1]  BSA is entitled to judgment in its favor on its claim for breach of contract and violation of the Prompt Payment Act against Hermitage.

>  ii. *There are no disputed issues of material fact for BSA's unjust enrichment claim.*

To establish unjust enrichment a plaintiff must show:  (1) that a benefit was conferred on the defendant; (2) that the defendant accepted the benefit; and (3) that it would be inequitable to allow the defendant to retain the benefit. Johnson v. Harwood, 2008 VT 4.  The third element has also been articulated as, "defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value." Center v. Mad River Corp., 151 Vt. 408, 412 (1989).  Additionally, "the equitable doctrine of unjust enrichment rests upon the principle that [a person] shall not be allowed to enrich himself unjustly at the expense of another.  In other words, the inquiry is whether, in light of the totality of circumstances, [] it is against equity and good conscience to allow defendant to retain what is sought to be recovered.  Thus, whether there is unjust enrichment may not be determined from a limited inquiry confined to an isolated transaction.  It must be a realistic determination based on a broad view of the human setting involved." Legault v. Legault, 142 Vt. 525, 531 (1983) (internal citations and quotations omitted).

It is undisputed that BSA entered into a contract with Hermitage and upheld its end of the bargained for exchange by providing plans and designs to Hermitage so that they can build a hotel.  SUMF ¶ 13.  It is also undisputed that Hermitage authorized these transmittals and

---

[1] "If an invoice is filled out incorrectly, or incompletely, or if there is any defect or impropriety in an invoice submitted, the receiving owner, contractor, or subcontractor, shall contact the invoicing contractor or subcontractor in writing within ten working days of receiving the invoice. Otherwise, documentary errors shall be deemed waived."

Downs
Rachlin
Martin PLLC

accepted the plans and designs without paying BSA. SUMF ¶ 13. Hermitage has retained the plans and can use them at will to build a hotel of its property. It would be unjust to allow Hermitage to profit from BSA's plans and designs without justly compensating BSA. BSA has suffered direct damages in the amount of unpaid invoices, interest, costs and attorneys' fees. There is no genuine dispute as to any material fact relevant to BSA's claim for unjust enrichment. BSA is therefore entitled to judgment as a matter of law against Hermitage for unjust enrichment.

     *iii. There are no disputed issues of material fact for BSA's mechanic's lien claim.*

In Vermont, when a contract is made for altering improvements to real property a person seeking to enforce that contract shall have a lien upon such improvements and the lot of land to secure payment. BSA obtained and recorded such lien upon Hermitage's property. SUMF ¶ 11. BSA is entitled to enforce its lien upon Hermitage's property located at 10 Gatehouse trail, West Dover, Vermont upon entry of judgment in accordance with the law. 9 V.S.A. § 1924.

## IV. CONCLUSION

For the foregoing reasons, BSA respectfully requests that the Court GRANT its Motion for Summary Judgment against Defendant and:

  A. Enter judgment in favor of BSA and against Defendant on all Counts contained in BSA's Complaint;

  B. Award BSA compensatory damages of $338,717.81, plus $47,819.41 (1.5% contractual interest), plus per diem interest until judgment is entered at $167.39; and

Downs
Rachlin
Martin PLLC

C. Award reasonable costs and attorneys' fees,

Dated Burlington, Vermont on this 9th day of December, 2016.

DOWNS RACHLIN MARTIN PLLC

By   /s/ Samantha Lednicky
Marc B. Heath
Samantha V. Lednicky
199 Main Street
P.O. Box 190
Burlington, VT 05402-0190
Telephone: 802-863-2375
Fax: 802-862-7512
Email: slednicky@drm.com

ATTORNEYS FOR PLAINTIFF BULL STOCKWELL ALLEN

17069783.1